a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MARCUS E CHATMAN #349549,<br>Petitioner | CIVIL DOCKET NO. 5:23-CV-00256<br>SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| CADDO CORRECTIONAL CENTER,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by pro se Petitioner Marcus Chatman ("Chatman"). Chatman challenges his conviction and sentence imposed in the First Judicial District Court, Caddo Parish.

Because the Petition is untimely, it should be DENIED and DISMISSED with prejudice.

I. Background

Chatman alleges that he pleaded guilty to possession with intent to distribute narcotics on an unspecified date, and was sentenced to 20 years of imprisonment. ECF No. 1 at 1. Chatman did not appeal. ECF No. 1 at 10.

In an Amended Complaint, Chatman states that he was released on parole on January 29, 2022, but was incarcerated again following a parole violation. ECF No. 17 at 2. Chatman asserts that his 20-year term of imprisonment will be completed on March 30, 2025.

1

Chatman alleges that he never filed an application for post-conviction relief because he was not aware of his right to do so. ECF No. 1 at 10. He also argues that his sentence was excessive, and he received ineffective assistance of counsel.

## II. Law and Analysis

### A. Chatman's Petition is subject to screening under Rule 4 of the Rules Governing § 2254 Cases.

Rule 4 of the Rules Governing § 2254 Cases provides that, following an examination of the pleadings by a court, "'[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.'" *See Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting the Rules Governing § 2254 Cases).

### B. Chatman's Petition is untimely.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court. The limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Federal courts may raise the one-year limitations period sua sponte. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

Chatman did not appeal, so his conviction became final when the time for seeking review expired—30 days after the sentence was imposed. *See* La. C. Cr. P. art. 914. Chatman had one year from that date within which to file a § 2254 Petition.

2

*See* 28 U.S.C. § 2244(d)(1)(A). Although Chatman is unaware of when he was convicted and sentenced, he indicates that his 20-year term of imprisonment expires in 2025. Therefore, the 20-year sentence must have been imposed in 2015. To have been timely, Chatman's § 2254 Petition had to be filed within one year of that date. Clearly, the Petition is now untimely.

The statutory tolling provision of § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the limitations period. *See Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). But Chatman did not seek post-conviction relief. Therefore, statutory tolling is inapplicable.

    C.    <u>Chatman is not entitled to equitable tolling.</u>

Chatman claims he was unaware of his ability to seek state post-conviction relief. ECF No. 1 at 5, 10. When he became aware in 2023, Chatman attempted to file a post-conviction application, but he did not have law library access or legal materials. *Id.* Even if Chatman had filed a post-conviction application in 2023, however, it would have been untimely under Louisiana law. *See* La. C.Cr.P. art. 930.8 (providing a two-year statute of limitations on state post-conviction relief).

Moreover, although the AEDPA's one-year statutory deadline can be equitably tolled in extraordinary circumstances. But there is no justification for doing so in this case. *See Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998).

To receive equitable tolling, a petitioner must demonstrate that he diligently pursued his rights, but some extraordinary circumstance prevented timely filing. *See Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010). The petitioner bears the burden of proof. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Highlighting the doctrine's limited scope, the United States Court of Appeals for the Fifth Circuit stated: "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks omitted)). Some external factors that may warrant equitable tolling include a petitioner's delayed receipt of a court order denying post-conviction relief, or a trial court order that misleads the petitioner. *See Jones v. Lumpkin*, 22 F.4th 486, 490–91 (5th Cir. 2022), *cert. denied*, 143 S.Ct. 127 (2022); *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (18-month delay in receiving order denying state habeas application despite repeated inquiries into status of that application); *Prieto v. Quarterman*, 456 F.3d 511, 515-16 (5th Cir. 2006) (district court order granting extension of time to file federal habeas petition on date after limitations period expired).

"Critically, however, a petitioner's failure to comply with state procedural law or general ignorance of the law do not qualify as extraordinary circumstances for purposes of equitable tolling." *Id.* (citing *Larry v. Dretke*, 361 F.3d 890, 897-98 (5th Cir. 2004) (untimeliness resulting from failure to comply with procedural

4

requirement that a state habeas application be filed after conviction becomes final did not warrant equitable tolling); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) (noting that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing" (citations omitted)); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002) (noting that "a petitioner's ignorance or mistake is insufficient to warrant equitable tolling"); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (finding that "lack of knowledge of applicable filing deadlines," "lack of representation," "unfamiliarity with the legal process," "illiteracy," and "ignorance of legal rights" are not a basis for equitable tolling).

Chatman does not allege that he was actively misled by the State, or that he was prevented in some extraordinary way from timely seeking habeas relief. Thus, Chatman presents no valid basis for tolling the statute of limitations.

### III. Conclusion

Because it is untimely, IT IS RECOMMENDED that the § 2254 Petition (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

5

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

SIGNED on Wednesday, February 21, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE